UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DIEGO FERNANDO PEREZ SOLARTE and )
all others similarly situated under 29 U.S.C. )
216(b),                                        )
                                               )
                    Plaintiff,                 )
            vs.                                )
                                               )
GEORGIO'S BAKERY MARKET, INC.,                 )
a/k/a GEORGIOS BAKERY & BISTRO,                )
PETER TSIALIAMANIS,                            )
                                               )
                    Defendants.                )
_____

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, DIEGO FERNANDO PEREZ SOLARTE on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, GEORGIO'S BAKERY MARKET, INC., a/k/a GEORGIOS BAKERY & BISTRO and PETER TSIALIAMANIS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant GEORGIO'S BAKERY MARKET, INC., a/k/a GEORGIOS BAKERY & BISTRO is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant PETER TSIALIAMANIS is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs'

wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.


## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a busboy from on or about February 9, 2013 through on or about June 5, 2015. Plaintiff also worked for Defendants as a waiter from on or about June 6, 2015 through the present and ongoing.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies.

Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

14. Upon information and belief, Defendants own and operate several other restaurants in the tri-state area and are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants and multiple other restaurants in the tri-state area are performed through unified operation and/or common control, are being done for a common business purpose and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common

business purpose. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

15. Individual Defendant, PETER TSIALIAMANIS, was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

16. Between the period of on or about February 9, 2013 through on or about June 5, 2015, for the months of May through to and including October, Plaintiff worked an average of 45 hours a week for Defendants and was paid an average of $5.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

17. Between the period of on or about February 9, 2013 through on or about June 5, 2015, for the months of November through to and including April, Plaintiff worked an average of 52 hours a week for Defendants and was paid an average of $5.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

18. Between the period of on or about June 6, 2015 through the present and ongoing, for the months of May through to and including October, Plaintiff worked an average of 45 hours a week for Defendants and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

19. Between the period of on or about June 6, 2015 through on present and ongoing, for the months of November through to and including April, Plaintiff worked an average of 52 hours a week for Defendants and was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

20. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

# COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-20 above and further states:

21. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

22. Between the period of on or about February 9, 2013 through on or about June 5, 2015, for the months of May through to and including October, Plaintiff worked an average of 45 hours a week for Defendants. Plaintiff was paid $5.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $5.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $5.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

23. Between the period of on or about February 9, 2013 through on or about June 5, 2015, for the months of November through to and including April, Plaintiff worked an average of 52 hours a week for Defendants. Plaintiff was paid $5.00/hr for said work in violation of the Fair

Labor Standards Act as said payment of $5.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $5.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

24. Between the period of on or about June 6, 2015 through the present and ongoing, for the months of May through to and including October, Plaintiff worked an average of 45 hours a week for Defendants. Plaintiff was never paid anything at all for any hours worked in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for all hours worked.

25. Between the period of on or about June 6, 2015 through on present and ongoing, for the months of November through to and including April, Plaintiff worked an average of 52 hours a week for Defendants. Plaintiff was never paid anything at all for any hours worked in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for all hours worked.

26. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

27. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether

Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121