UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-20513-JAL

DIEGO FERNANDEZ PEREZ SOLARTE, and all others
similarly situated under 29 U.S.C. 216(b),

     Plaintiff,

v.

GEORGIO'S BAKERY MARKET, INC., a/k/a GEORGIO'S
BAKERY & BISTRO, and PETER TSIALIAMANIS,

     Defendants.

_____/

## DEFENDANTS' ANSWER AND
## AFFIRMATIVE DEFENSES TO COMPLAINT

The Defendants, GEORGIO's BAKERY MARKET, INC., a/k/a GEORGIO'S BAKERY & BISTRO ("GEORGIO'S) and PETER TSIALIAMANIS, (hereinafter collectively, the "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and respond to each numbered paragraph of the Complaint as follows:

1.     The Defendants admit that the Plaintiff purports to bring this action under the Fair Labor Standards Act. Defendants deny the remaining allegations of paragraph 1 of the Complaint.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.     Defendants deny paragraph 3 of the Complaint.

4.      Defendants admit Defendants TSIALIAMANIS is a corporate officer and owner of GEORGIO'S.  Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5.      Defendants deny the allegations of paragraph 5 of the Complaint.

6.      Defendants admit that the Plaintiff purports to bring this action under the laws of the United States, and that the Plaintiff purports to bring this case as a collective action under 29 U.S.C. §216(b).  Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7.      Defendants admit the allegations of paragraph 7 of the Complaint.

8.      To the extent paragraph 8 accurately states portions of 29 U.S.C. 207(a)(1), it is admitted.  Except as to the admitted language, paragraph 8 of the Complaint is denied.

9.      Defendants admit that the Plaintiff worked for GEORGIO'S in the positions of busboy and waiter.  Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.      Defendants admit that GEORGIO'S it is a covered enterprise as defined by the FLSA.  Defendants deny the remaining allegations of paragraph 10 of the Complaint.

11.      Defendants admit that GEORGIO'S it is a covered enterprise as defined by the FLSA.  Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12.      Defendants admit paragraph 12 as to GEORGIO'S. Defendants deny the remaining allegations of paragraph 12 of the Complaint.

13.      Defendants admit paragraph 13 as to GEORGIO'S.  Defendants deny the remaining allegations of paragraph 13 of the Complaint.

14.     Defendants deny the allegations of paragraph 14 of the Complaint.

15.     Defendants deny the allegations of paragraph 15 of the Complaint.

16.     Defendants admit GEORGIO'S paid the Plaintiff $5.00 per hour during part of his employment. Defendants deny the remaining allegations of paragraph 16 of the Complaint.

17.     Defendants admit the GEORGIO'S paid the Plaintiff $5.00 per hour during part of his employment. Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18.     Defendants admit that GEORGIO'S paid the Plaintiff no wages for some hours worked while he was employed at GEORGIO'S.  Defendants deny the remaining allegations of paragraph 18 of the Complaint.

19.     Defendants admit the GEORGIO'S paid the Plaintiff no wages for some hours worked while he was employed at GEORGIO'S. Defendants deny the remaining allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint.

Defendants deny all allegations and demands in the Wherefore clause.

With respect to the unnumbered paragraph on page 6 of the Complaint, Defendants re-allege and re-aver Defendants' responses to paragraphs 1 through 20 of the Complaint, as if fully set forth herein.

21.     To the extent paragraph 21 accurately states portions of 29 U.S.C. 206(a)(1), it is admitted.  Defendants admit that as of July 24, 2009, the federal minimum wage for non-tipped

employees is $7.25. Except as to the admitted language, paragraph 21 of the Complaint is denied.

22.     Defendants admit GEORGIO'S paid the Plaintiff $5.00 per hour during part of his employment. Defendants deny the remaining allegations of paragraph 22 of the Complaint.

23.     Defendants admit GEORGIO'S paid the Plaintiff $5.00 per hour during part of his employment. Defendants deny the remaining allegations of paragraph 23 of the Complaint.

24.     Defendants admit GEORGIO'S paid the Plaintiff no wages for some hours worked while he was employed at GEORGIO'S.  Defendants deny the remaining allegations of paragraph 24 of the Complaint.

25.     Defendants admit GEORGIO'S paid the Plaintiff no wages for some hours worked while he was employed at GEORGIO'S.  Defendants deny the remaining allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

Defendants deny all allegations and demands in the Wherefore clause.

Any allegations of the Complaint not specifically admitted are denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be

granted against Defendants.

## SECOND DEFENSE

To the extent any claim arises outside the applicable statute of limitations, it is barred by the limitations periods set forth in the Portal-to-Portal Act, 29 U.S.C. §255.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in one (1) workweek, was compensated at or in excess of the applicable minimum wage rate, and/or was properly compensated for any or all of the hours worked.

## FOURTH DEFENSE

To the extent the Court or the jury may determine that Defendants' acts or omissions render Defendants liable under the FLSA, Plaintiff's claims and demand for liquidated damages are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## FIFTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were preliminary or postliminary to his principal activities.

## SIXTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were

noncompensable, such as waiting for rides, walking, riding, or traveling to the Plaintiff's actual place of performance.

### SEVENTH DEFENSE

Defendants are not subject to liability under the FLSA and this action should be barred because any "omission of overtime payments complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, or any administrative practice or enforcement policy of any [United States] agency with respect to the class of employers to which [Defendants] belong," in accordance with the Portal-to-Portal Act, 29 U.S.C. §259.

### EIGHTH DEFENSE

Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. §785.47.

### NINETH DEFENSE

The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiffs performed no work, including vacation and/or sick/medical leave, or for periods of time during which Plaintiffs were otherwise absent from the workplace during such workweek including during holidays and other functions voluntarily attended.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent that the Defendants did not know, and should not have reasonably known, that overtime was being worked by Plaintiff, to the extent that any overtime was worked which was not paid.

**ELEVENTH DEFENSE**

The Plaintiff failed to mitigate his damages by failing to ensure that his employer knew or should have known work was being performed.

**TWELVTH DEFENSE**

Plaintiff's claims are barred or limited to the extent any overtime obligations or unpaid wages were paid, satisfied, or released.

**THIRTEENTH DEFENSE**

There are no similarly situated persons to the Plaintiff, and this action is otherwise inappropriate for maintenance as a collective action.

**FOURTEENTH DEFENSE**

The Plaintiff has failed to comply with all conditions precedent necessary to initiation and maintenance of this action.

**FIFTEENTH DEFENSE**

Defendants are entitled to all credits and offsets from any liability found to be owed as allowed under federal law.

**SIXTEENTH DEFENSE**

Defendants are entitled to a tip credit under the FLSA.

## SEVENTEENTH DEFENSE

The Plaintiff is not entitled to any relief with regard to any bona-fide sleep, break or meal period(s).

## EIGHTEENTH DEFENSE

To the extent this case is certified as a collective action, Defendants assert the above-stated defenses and affirmative defenses with respect to all Plaintiffs who join this case.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated, affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

## JURY DEMAND

The Defendants demand a jury trial as to all issues so triable.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request that this action be dismissed with prejudice, in its entirety, that Defendants be awarded costs, including reasonable attorneys' fees incurred in defense thereof, and that Defendants be award such further relief as is just and proper.

Respectfully submitted,


By: /s.  Samara Robbins Bober
PETER J. BOBER
FBN:  0122955
SAMARA ROBBINS BOBER
FBN: 0156248
BOBER & BOBER, P.A.
1930 Tyler St.
Hollywood, FL 33020
Email: peter@boberlaw.com
Email: samara@boberlaw.com
Phone: (954) 922-2298
Fax: (954) 922-5455
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:      s/. Peter Bober

## SERVICE LIST

Neil Toback, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax:(305)865-7167
zabogado@aol.com
*Attorney for Plaintiff*

9